UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JULIE LEAUPEPE,

        Plaintiff,

        v.                                    3:14-cv-416-ST

RELIABLE CREDIT ASSOCIATION, INC.,        FINDINGS AND
                                                                        RECOMMENDATIONS
        Defendant.

STEWART, Magistrate Judge:

        Plaintiff, Julie Leaupepe ("Leaupepe"), has applied to proceed *in forma pauperis* (docket #1). An examination of the application reveals that Leaupepe is unable to afford the fees of this action. Accordingly, her application should be granted, and no filing fee should be assessed. However, for the reasons set forth below, the Complaint should be dismissed for lack of jurisdiction.

        Leaupepe alleges that she was injured on March 11, 2014, during a repossession of her vehicle by defendant, Reliable Credit Association, Inc. As a result, she seeks to recover her out-of-pocket expenses, physical and mental damages of $500,000, as well as unspecified future and punitive damages.

1 - FINDINGS AND RECOMMENDATIONS

Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal courts jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). Under FRCP 12(h), the court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983). The jurisdictional statute is strictly construed. *See Lang v. Windsor Mount Joy Mut. Ins. Co.*, 487 F Supp 1303 (ED Pa), *aff'd.*, 636 F2d 1209 (3rd Cir 1980); *Hawes v. Club Ecuestre El Comandante*, 598 F2d 698, 702 (1st Cir 1979) (citations omitted).

On page 2 of the form Complaint, as well as on the Civil Cover Sheet, Leaupepe has marked the "Diversity of Citizenship" box as the basis for invoking this court's jurisdiction. Under 28 USC § 1332, this court has diversity jurisdiction over a dispute in which the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Both the Civil Cover sheet and page 3 of the Complaint state that both she and defendant are citizens of Oregon. Therefore, they are not citizens of different states. Accordingly, no basis for diversity jurisdiction exists.

The Complaint fails to reveal any other basis for jurisdiction, such as an action "arising under the Constitution, laws, or treaties of the United States." 28 USC § 1331. If plaintiff has some viable claim against defendant, that claim must be filed in Oregon state court, rather than in federal court. Since this court can conceive of no amendment to cure the jurisdictional defect, the Complaint should be dismissed with prejudice.

## RECOMMENDATIONS

Plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED, and no filing fee should be assessed. However, for the reasons set forth above, the Complaint should be DISMISSED for lack of jurisdiction with prejudice.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, March 31, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a final Judgment.

DATED March 14, 2014.

                                                   s/ Janice M. Stewart
                                                   Janice M. Stewart
                                                   United States Magistrate Judge