IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JULIE LEAUPEPE**,

        Plaintiff,

    v.

**RELIABLE CREDIT ASSOCIATION INC.**,

        Defendant.

No. 3:14-cv-00416-ST

OPINION AND ORDER

**MOSMAN, J.**,

    Pro se Plaintiff Julie Leaupepe alleges that Defendant Reliable Credit Association, Inc. ("Reliable Credit"), repossessed her car unlawfully and caused her personal injury in the process. (Compl. [2] at 3–8.) She prays for $500,000 in damages. (Compl. [2] at 10.) Noting that Ms. Leaupepe alleges that both she and Reliable Credit are citizens of Oregon, Magistrate Judge Stewart recommended sua sponte that the complaint be dismissed. (F&R [5] at 2.) Because she discerned no basis on which Ms. Leaupepe could invoke federal question jurisdiction under 28 U.S.C. § 1331, Judge Stewart recommended that dismissal be with prejudice. *Id.* I agree that Ms. Leaupepe's complaint must be dismissed. However, because I find that the facts alleged do not foreclose the possibility that Ms. Leaupepe might state a claim arising under federal law, dismissal will be without prejudice.

1 – OPINION AND ORDER

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

Upon review, I agree with Judge Stewart's recommendation that Ms. Leaupepe's complaint be dismissed. However, I am not convinced that Ms. Leaupepe cannot amend her complaint to state a claim arising under federal law. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, provides a private right of action against debt collectors who engage in unfair debt collection practices. A "debt collector" is a person whose business primarily concerns "the collection of any debts." 15 U.S.C. § 1692a(6). An entity whose primary activity is repossessing collateral, on the other hand, is not a debt collector under the FDCPA. *Pflueger v. Auto Fin. Group, Inc.*, No. 97-9499, 1999 WL 33740813, at *4 (C.D. Cal. Apr. 26, 1999). The FDCPA prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A).

2 – OPINION AND ORDER

At this stage, I cannot conclude that Ms. Leaupepe will be unable to allege that Reliable Credit violated the FDCPA. Her factual allegations do not make clear whether Reliable Credit might qualify as a debt collector or whether it is a repossession agency outside of the FDCPA's provisions. If Reliable Credit is a debt collector within the FDCPA's meaning, Ms. Leaupepe may well be able to allege facts supporting an inference that it lacked a present right to take possession of her car. Dismissal with prejudice therefore is inappropriate.

Ms. Leaupepe's objection [9] to Judge Stewart's F&R is premised on a misunderstanding of the basis of a federal court's jurisdiction. Federal district courts have subject matter jurisdiction over actions based on state law only if the parties are "citizens of different States" or if they comprise one of a few combinations of U.S. and foreign citizens. 28 U.S.C. § 1332(a). Because Ms. Leaupepe alleged that both she and Reliable Credit are Oregon citizens, this Court does not have jurisdiction under § 1332. Further, because Ms. Leaupepe's current complaint does not suggest any claim "arising under" federal law, this Court also lacks jurisdiction under 28 U.S.C. § 1331. I note also that Ms. Leaupepe's objection was received on April 2, 2014, several days after the March 31 deadline that Judge Stewart set. (F&R [5] at 3.)

Ms. Leaupepe's Complaint [2] is DISMISSED without prejudice. Ms. Leaupepe will file any amended complaint within 21 days after entry of this order.

IT IS SO ORDERED.

DATED this   9th   day of April, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER